IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE M. BELL d/b/a<br>ALLEGIANCE MORTGAGE SERVICES<br>1363 Laurelwood Road<br>Pottstown, PA 19465<br><br>  On Behalf Of Herself And All<br>  Others Similarly Situated,<br><br>                        Plaintiff,<br><br>    v.<br><br>E-LOAN, INC.<br>6230 Stoneridge Mall Road<br>Pleasanton, CA 94588<br><br>CAPITAL LENDING PARTNERS, INC.<br>3130 Crow Canyon Place<br>San Ramon, CA 94583<br><br>                        Defendants, | :<br>:<br>:<br>:<br>:<br>: C.A. NO. 07-3571-BMS<br>:<br>:<br>: CLASS ACTION<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff, CHRISTINE M. BELL ("Plaintiff"), brings this action on behalf of herself and all other persons similarly situated, through her attorneys, and except as to those allegations pertaining to Plaintiff or her attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, CAPITAL LENDING PARTNERS, INC. AND E-LOAN, INC. ("Defendants"):

## PRELIMINARY STATEMENT

1.   This case challenges Defendants' practice of faxing unsolicited advertisements.

2. The Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of his or her fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of herself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**PARTIES**

6. Plaintiff is a resident and citizen of Pennsylvania. She is a loan correspondent doing business under the name of Allegiance Mortgage Services with her office located in Chester County, Pennsylvania.

7. Defendant, Capital Lending Partners, Inc. is a California corporation with its principal place of business in California. At all relevant times, Capital Lending Partners, Inc. was engaged in doing business within the Commonwealth of Pennsylvania and within the Eastern District of Pennsylvania.

8. Defendant, E-Loan, Inc., is an online consumer direct lender providing mortgages, auto loans, home equity loans and online savings and certificate of deposit accounts.

On information and belief, E-Loan, Inc., whose corporate headquarters are located in California, is a wholly owned subsidiary of Banco Popular North America, a New York State-chartered bank, which is in turn a wholly owned subsidiary of Popular, Inc., a full service financial services provider with operations in Puerto Rico, the United States, the Caribbean and Latin America. At all times material hereto, E-Loan, Inc. was engaged in business within the Commonwealth of Pennsylvania and within the Eastern District of Pennsylvania.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1332(d)(2) This is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs because, on information and belief, at least 4,000 advertisements were sent by fax without the prior express permission or invitation of the recipients. In addition, Plaintiff and, on information and belief, many members of the class are citizens of a state different from that of Defendants.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391. Both Defendants are subject to personal jurisdiction within this District. A substantial part of the events or omissions giving rise to the claim occurred in this District as the facsimile advertisements at issue in this case were sent into this District. Defendant committed tortuous activities within this District.

## FACTS

11. Capital Lending Partners, Inc. and E-Loan, Inc. entered into a Marketing Agreement on or about July 31, 2006, pursuant to which Capital Lending Partners, Inc. agreed to provide certain marketing and promotional services on behalf of E-Loan, Inc. These services

included, but were not limited to originating and selling mortgage loans secured by real property for the E-Loan Mortgage Broker Program.

12. On or about November 30, 2006, December 6, 2006 and February 26, 2007, Defendants faxed three advertisements to Plaintiff. Copies of the three facsimiles are attached hereto as Exhibit A.

13. The three faxed advertisements were sent to originate and sell mortgage loans secured by real property.

14. Capital Lending Partners, Inc. was performing the selling and/or originating of mortgage loans for E-Loan, Inc. in exchange for a fee for each loan Capital Lending Partners, Inc. originated and/or sold.

15. Capital Lending Partners, Inc.'s fax broadcasting campaign constituted the performance of mortgage loan services because it was performed to originate and sell mortgage loans secured by real property in exchange for a fee.

16. Plaintiff had not invited or given permission to Defendants to send fax advertisements.

17. On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 3,999 other recipients without first receiving the recipients' express permission or invitation.

18. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS ACTION ALLEGATIONS

19. In accordance with FRCP 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons and entities that are holders of telephone numbers to which a facsimile transmission was sent by CLP on behalf of E-Loan, Inc., or advertising or promoting the goods or services of E-Loan, Inc., at any time between August 29, 2003 to and including the present (the "Class Period"), substantively similar to any of the faxes attached hereto as Exhibit A, or otherwise advertising or promoting the goods or services of E-Loan, Inc. Excluded from the class are Defendants, and their officers, directors, employees, agents, predecessors, successors, subsidiaries, parents and affiliates (the "Class").

Plaintiff reserves the right to amend the definition of the Class upon completion of class certification discovery.

20. **Numerosity (F.R.C.P. 23(a)(1))**. The class is so numerous that joinder of all members is impracticable. Plaintiff believes, and therefore avers, that faxes such as those attached hereto as Exhibit A were sent to four thousand mortgage professionals throughout the country. Indeed, the very nature of fax advertising indicates that the Class is more than sufficiently numerous to make joinder impracticable. Identification of the members of the class can be ascertained in discovery of Defendants' database and/or from Defendants' other books and records.

21. **Commonality (F.R.C.P. 23(a)(2))**. Common questions of law and fact apply to the claims of all class members. Common material questions of law and fact include, but are not limited to, the following:

   (i)   Whether Defendants sent unsolicited fax advertisements;

   (ii)  Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants had an established business relationship with the recipients;

(vi) Whether E-Loan is liable as the sender of the facsimiles;

(vii) Whether E-Loan and Capital Lending Partners are jointly and severally liable for violations of 47 U.S.C. § 227;

(viii) Whether Capital Lending Partners was acting as the marketing agent for E-Loan in the transmission of the advertisements by facsimile;

(ix) Whether the advertisements sent by facsimile contain the notice complying with 47 U.S.C. § 227(b)(1)(C)(iii) and (b)(2)(D)(i)-(vi) and the regulations promulgated by the FCC;

(x) Whether Defendants violated the provisions of 47 U.S.C. § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendants should be enjoined from faxing advertisements in the future; and

(viii) Whether the Court should award trebled damages.

22. **Typicality (F.R.C.P. 23(a)(3))**. Plaintiff's claims are typical of the claims of all class members. Plaintiff is a class member who received facsimiles sent by CLP on behalf of E-

Loan and advertising the goods and services of E-Loan during the Class Period. Plaintiff is making the same claims and seeking the same relief for herself and all class members based on the same statute. Defendants have acted in the same or similar manner with respect to Plaintiff and all other class members.

23. **Fair and Adequate Representation (F.R.C.P. 23(a)(4))**. Plaintiff will fairly and adequately represent and protect the interests of the class. She is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

24. **Need for Consistent Standards and Practical Effect of Adjudication (F.R.C.P. 23(b)(1))**. Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants; and/or (b) as a practical matter, adjudication of plaintiff's claims will be dispositive of the interests of class members who are not parties.

25. **Common Conduct (F.R.C.P. 23(b)(2))**. Class certification is also appropriate because Defendants have acted and refused to act in the same or similar manner with respect to all Class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by the JFPA.

26. **Predominance and Superiority (F.R.C.P. 23(b)(3))**. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

(a) Proof of the claims of the representative plaintiff will also prove the claims of the Class without the need for separate or individualized proceedings.

(b) Evidence regarding any exceptions to liability that Defendants may attempt to assert and prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

(c)     Defendants have acted and are continuing to act pursuant to common policies and practices in the same or similar manner with respect to all class members.

(d)     The amount likely to be recovered by individual class members does not support protracted individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs.

(e)     This case is inherently manageable as a class action in that:

(i)     CLP and/or E-Loan identified persons or entities to receive the fax transmissions, and it is believed that CLP's and E-Loan's computer and business records will enable Plaintiff to readily identify class members and establish liability and damages.

(ii)    liability and damages can be established for Plaintiff and the class with the same common proofs.

(iii)   statutory damages are provided for in the statute and are the same for all class members are can be calculated in the same or similar manner.

(iv)    a class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort and expense.

(v)     a class action will contribute to uniformity of decisions concerning Defendants' practices.

(vi)    as a practical matter, the claims of the Class are likely to go unredressed absent class certification.

### FIRST CAUSE OF ACTION
**(Violation of the Junk Fax Prevention Act of 2005 and Telephone Consumer Protection Act of 1991)**

27.    Defendants violated the 47 U.S.C. § 227 *et seq.* by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class. 28.    The TCPA is a strict

liability statute and Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

28.  Defendants knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services and that no established business relationship existed with Plaintiff and the other class members.

29.  In addition, Defendants knew or should have known that the faxes did not contain an notice meeting the requirements of 47 U.S.C. § 227 (b)(1)(C)(iii) and (b)(2)(D)(i)-(vi).

30.  Defendant CLP transmitted the faxes on behalf of E-Loan pursuant to a Marketing Agreement and, upon information and belief, identified the brokers to whom the faxes would be transmitted. As such, CLP had a high degree of involvement in the transmission of the faxes.

31.  The faxes were transmitted by CLP on behalf of E-Loan pursuant to a Marketing Agreement whereby E-Loan retained control over the nature and scope of the marketing activities undertaken on its behalf by CLP. E-Loan is also liable as the sender of the faxes because E-Loan's good and services are advertised and promoted in the faxes.

32.  The faxes do not contain an opt-out notice meeting the requirements of 47 U.S.C. § 227 (b)(1)(C)(iii) and (b)(2)(D)(i)-(vi). Accordingly, Defendants may not invoke the established business relationship exception or the defense of prior express invitation or permission.

33.  Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff wasted her time receiving, reviewing and

routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

34. Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, CHRISTINE M. BELL, individually and on behalf of all others similarly situated, demands judgment in her favor and against Defendants, CAPITAL LENDING PARTNERS, INC. AND E-LOAN, INC., jointly and severally, as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award statutory damages allowed under 47 U.S.C. § 227(b)(3) to Plaintiff and each members of the Class and against Defendants, jointly and severally, for each violation of the TCPA;

C. That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

D. That the Court award costs and such further relief as the Court may deem just and proper.

Dated: February 19, 2008

Respectfully submitted,

s/Ann M.Caldwell
Ann M. Caldwell/AMC1953
Pa. I.D. No. 42252

CALDWELL LAW OFFICE LLC
108 W. Willow Grove Ave., Suite 300
Philadelphia, PA  19118
(215) 248-2030
(215) 248-2031 (fax)

**Attorney for Plaintiff and the Class**