IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE M. BELL<br>d/b/a/ ALLEGIANCE MORTGAGE SERVICES,<br><br>On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>E-LOAN, INC. and<br>CAPITAL LENDING PARTNERS, INC.<br><br>Defendants. | CLASS ACTION<br><br><br><br><br><br>C.A. NO. 07-3571-BMS<br><br>FILED<br>MAY 13 2008<br>MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE AND PROVISIONALLY CERTIFYING SETTLEMENT CLASS

This cause coming before the Court upon consideration upon the unopposed motion of Plaintiff Christine M. Bell d/b/a Allegiance Mortgage Services, individually and on behalf of a class of persons, for preliminary approval of a settlement reached between the parties, and the Court having reviewed such Motion and the Settlement Agreement dated May 9, 2008 ("Settlement Agreement"), with supporting papers, and the Court being fully advised, it is hereby ordered that:

1. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) as if fully set forth herein and is hereby preliminarily adopted as an Order of this Court.

2. A settlement class (the "Settlement Class") is provisionally certified for settlement purposes only, comprised of all persons and/or entities throughout the United States that are holders of telephone/fax numbers to which one or more facsimile transmissions marketing E-

Loan mortgages or E-Loan Equity Connect were sent by or on behalf of Capital Lending Partners from October 1, 2006 to June 30, 2007. Each telephone/fax number represents one class member.

3. For settlement purposes only, the Court finds that class certification is appropriate under the requirements of Fed. R. Civ. P. 23(a) and (b)(3) because (a) the Class is so numerous that joinder of all members is impractical, (b) there are common questions of law and fact that predominate over any questions affecting only individual class members, (c) Plaintiff will fairly and adequately protect the interests of the Class, and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

4. For settlement purposes only, and after considering the relevant factors in Fed. R. Civ. P. 23, the Representative Plaintiff Christine M. Bell is conditionally designated as the representative of the Settlement Class, and Class Counsel are conditionally appointed as counsel for the Settlement Class. The law firms and attorneys conditionally representing the Settlement Class are:

Ann M. Caldwell, Esquire
Caldwell Law Office LLC
108 W. Willow Grove Avenue, Suite 300
Philadelphia, PA  19118

Brian J. Wanca, Esquire
Anderson & Wanca
3701 Algonquin Road, #760
Rolling Meadows, IL 60008

5. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement and the Settlement provided for therein are preliminarily approved. The Court finds that (a) that the Agreement was made in reasonable anticipation of liability; (b) that the settlement amount is fair and reasonable; (c) that Defendants' decision to settle conforms to the standard of a prudent uninsured; (d) that the damage amount agreed to is what a reasonably prudent person in Defendants' position would have settled for on the merits of the claim in the Litigation; (e)

Capital Lending Partners caused facsimile advertisements to be sent to 10,427 persons and entities, including Plaintiff, during the class period; (f) that 185,390 facsimile advertisements were sent to generate mortgage loans secured by real property; (g) that Capital Lending Partners was attempting to originate mortgage loans for E-Loan and each mortgage loan CLP participated in through E-Loan resulted in CLP receiving a fee pursuant to the Marketing Agreement; (h) that Capital Lending Partners' fax broadcasting campaign was the performance of mortgage loan services because it was done to generate mortgage loans secured by real property in exchange for a fee; (i) that Capital Lending Partners did not willfully or deliberately injure Plaintiff and the other members of the Class. The Court finds the Settlement to be within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval hearing described in paragraph 11 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

6. The Court approves the Notice of Class Action and Proposed Settlement substantially in the form attached as Exhibit B to the Settlement Agreement (the "Notice") and the Claim Form substantially in the form attached as Exhibit C to the Settlement Agreement (the "Claim Form"). Pursuant to the terms of the Settlement Agreement, within ten (10) business days after entry of this Order, the Settlement Administrator shall cause the Notice and Claim Form to be mailed or faxed to the persons and entities that are members of the Class. The Settlement Administrator shall have discretion to format the Class Notice and Claim Form in a reasonable manner before mailing, subject to the consent of Class Counsel. The Settlement Administrator shall take the steps outlined in the Settlement Agreement with respect to any Class Notices that are returned as undeliverable. The Court finds that direct mail and fax notice

constitutes the best notice practicable under the circumstances to all Class Members, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and all applicable laws, Rules and the United States Constitution. The Court further finds that no notice other than that identified in the Settlement Agreement is reasonably necessary in this Action. Class Counsel shall, on or before the date of the Final Approval Hearing directed herein, file a Proof of Mailing and Faxing of the Notice and Claim Form with the Clerk of Court, with a copy served upon counsel for E-Loan and Capital Lending Partners.

7. Any Class Member who wishes to be excluded from the Class must do so in writing as provided in the Notice at least twenty-one (21) days prior to the Final Approval Hearing. Any person who does not timely and validly request exclusion as set forth in the Notice shall be included in the Class and bound by the Final Judgment and Order and Release.

8. On or before the date of the Final Approval Hearing, Class Counsel shall file with the Court a list of all Successful Opt-Outs.

9. Any Class Member who is not a Successful Opt-Out and who wishes to appear at the Final Approval Hearing and/or object to the terms of the Settlement Agreement must file a Notice of Intent to Appear and/or written statement of the basis for the objection in writing as provided in the Notice at least twenty-one (21) days prior to the Final Approval Hearings, and contemporaneously serve any objection upon Class Counsel and Counsel for each Defendant at the following addresses:

Ann M. Caldwell, Esquire  
Caldwell Law Office LLC  
108 W. Willow Grove Avenue  
Suite 300  
Philadelphia, PA 19118  

Counsel for Plaintiff

Victoria R. Collado, Esquire  
Mayer Brown LLP  
71 South Wacker Drive  
Chicago, IL 60606  

Counsel for Defendant E-Loan, Inc.

Richard T. Bowles, Esquire
Bowles & Verna LLP
2121 N. California Blvd., Ste 875
P.O. Box 8180
Walnut Creek, CA 94596-8180

Counsel for Defendant Capital Lending Partners, Inc.

10. To be considered valid, each Objection must be timely (as judged by the filing deadline set forth above) and (a) set forth the Class Member's name, current address, and telephone number; (b) state that the Class Member objects to the Settlement, in whole or in part, (c) set forth a statement of the basis for the Objection; and (d) provide copies of any evidence or documents that the Class Member wishes to submit in support of his/her objection(s). Any Class Member who does not submit a timely and valid Objection in accordance with this Order, the Class Notice, and the Settlement Agreement shall not be treated as having filed a valid Objection to the Settlement. Objections that are untimely and/or otherwise invalid will not be considered by this Court (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown).

11. A hearing for final approval (the "Final Approval Hearing") is hereby set for Aug 25, 2008 at 8:30 p.m., in Courtroom No. 5C, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106 to determine whether the proposed settlement is fair, reasonable and adequate and should be finally approved; to consider any objections of Class Members, to consider a Preliminary and Final Attorney Fee/Litigation Cost Award to Class Counsel and an Incentive award to the Representative Plaintiff. The hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. Any Settlement Class Member who follows the procedures set forth in the Notice may appear and be heard at this hearing.

12. Class Counsel shall file and serve a motion for final approval of the proposed Settlement Agreement and an application for attorneys' fees, expenses and an incentive award with the Court at least seven (7) days prior to the Final Approval Hearing.

13. Pending the Final Approval Hearing, Settlement Class Members who do not request exclusion are enjoined from bringing or asserting any claim or action that was or could have been asserted in the Action or that arise out of the Released Claims.

14. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

15. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all Orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against either Defendant, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes would or would not be appropriate if this Action was to be litigated rather than settled.

16. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action; or of any wrongdoing, liability, or violation of law by either Defendant.

17. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for each Defendant and without future notice to the Class Members.

BY THE COURT:

_____
Berle M. Schiller, J.

Dated: May 13, 2008