IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINE M. BELL
d/b/a/ ALLEGIANCE MORTGAGE
SERVICES,               :            CLASS ACTION    
                        :
      On Behalf of Herself and All    :                      AUG 25 2008
      Others Similarly Situated,      :
                        :            MICHAEL E. KUNZ, Clerk
            Plaintiff,  :                      By _____ Dep. Clerk
                        :
      v.                :
                        :            C.A. NO. 07-3571-BMS
E-LOAN, INC. and        :
CAPITAL LENDING PARTNERS, INC.   :
                        :
            :Defendants. :

## FINAL APPROVAL OF SETTLEMENT AGREEMENT AND JUDGMENT

WHEREAS, Plaintiff, on behalf of herself and the Class, and Defendants, have executed

and filed a Settlement Agreement (the "Agreement")[1] with the Court on May 9, 2008; and

WHEREAS, the Court, on May 13, 2008, entered an Order Certifying the Settlement

Class, Preliminarily Approving the Class Action Settlement, and Approving the Class Notice

("Preliminary Approval Order"), and directed that the Notice of Class Action and Proposed

Settlement be distributed to potential Class Members by direct mail and fax, and scheduled a

hearing to be held on August 25, 2008 to determine whether the Settlement should be finally

approved as fair, reasonable, and adequate; and

WHEREAS, Plaintiff has submitted an Affidavit of Mailing to the Court which indicates

that such Notice of Class Action and Proposed Settlement has been distributed in accordance

with the terms of the Preliminary Approval Order; and

---

[1]      Unless otherwise defined herein, capitalized terms used in this Order shall have the same
definitions as those set forth in the Settlement Agreement.

WHEREAS, in accordance with the Notice of Class Action and Proposed Settlement disseminated to the potential Class Members, a hearing was held on August 25, 2008, at which all interested persons were given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Agreement, and being fully advised, finds and concludes as follows:

1.     The Second Amended Complaint ("Complaint") filed in this action alleged that Defendants faxed, or caused to be faxed on their behalf, unsolicited advertisements to Plaintiff and the other members of a putative class. The Complaint alleged Defendants' actions violated federal law and caused damages to Plaintiff and the other members of a putative class.

2.     The Court possesses jurisdiction over the subject matter of this Action, the Plaintiff, the Class Members, and the Defendants.

3.     In its Preliminary Approval Order, the Court provisionally certified the following Class for settlement purposes:

> all persons and/or entities throughout the United States that are holders of telephone/fax numbers to which one or more facsimile transmissions marketing E-Loan mortgages or E-Loan Equity Connect was sent by or on behalf of Capital Lending Partners from October 1, 2006 to June 30, 2007.

Each telephone/fax number represents one Class Member. The Court affirms this definition of the Class for purposes of this Final Judgment.

4.     Solely for the purpose of settlement, this Court finally certifies the Class as defined above, and, in so doing, finds that the requirements of Federal Rule of Civil Procedure 23 have been met, in particular because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) Plaintiff and her attorneys have fairly and adequately protected the interests of the Class; and (4) a class action is an appropriate method for

the fair and efficient settlement of this controversy. If, for any reason, the events in paragraph 22 of this Order occur, then this final approval of the Settlement Class shall be null and void, and shall not be used or referred to for any purpose in this Action or any other action or proceeding.

5.      One member of the Class requested to be excluded. The person listed on Exhibit 1 to this order are hereby excluded from the Class. All remaining Class Members are bound by this Final Judgment and by the Agreement and the settlement embodied therein, including the covenant not to execute provided for in the Agreement and in this Final Approval Order and the Release provisions as described in paragraphs 6.01 and 6.02 of the Settlement Agreement.

6.      In accordance with the terms of the Agreement and the Preliminary Approval Order, the Notice of Class Action and Proposed Settlement was disseminated by direct mail and by fax, thereby informing Class Members of the pendency and terms of the settlement of this Action, and of their opportunity to request exclusion from the Class or to object to the terms of the settlement. The Court hereby finds that the Notice of Class Action and Proposed Settlement disseminated to the potential Class Members in accordance with the terms of the Preliminary Approval Order constituted the best notice practicable under the circumstances and fully complies with Rule 23 and federal due process, as well as all other applicable laws. The Affidavit confirming dissemination of the Notice of Class Action and Proposed Settlement filed with this Court demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice of Class Action and Proposed Settlement was complied with, and that the best notice practicable under the circumstances was in fact given, and constituted valid, due, and sufficient notice to Class Members and potential Class Members.

7.      Plaintiff and Defendants have applied to the Court for final approval of the terms of the Agreement and for the entry of this Final Approval Order and Judgment. Pursuant to the

Notice of Class Action and Proposed Settlement, and upon notice to all parties, a hearing was held before this Court on August 25, 2008 to determine whether the Court should approve the Agreement as a fair, reasonable, and adequate compromise of this litigation, and whether the Final Approval Order, without prejudice to the enforcement of the final judgment entered, should be entered.

8.     As indicated by the Notice filed by E-Loan with the Court on May 14, 2008, Defendants sent the notice required by 28 U.S.C. § 1715(b) to the appropriate state and federal officials, as defined by 28 U.S.C. § 1715(a). This Court is entering this Final Judgment more than ninety days after the appropriate state and federal officials were served with the notice, as is required by 28 U.S.C. § 1715(d).

9.     The Court hereby finds that the Agreement is the result of good faith arm's-length negotiations by the parties thereto, and that it will further the interests of justice.

10.    All provisions and terms of the Agreement are hereby found to be fair, reasonable, and adequate as to the Class Members and Plaintiff, and all provisions and terms of the Agreement are hereby finally approved in all respects. The parties to the Agreement are hereby directed to consummate the Agreement in accordance with its terms.

11.    Additionally, based upon the evidence in the record and statements made in open court, the Court finds as follows: (a) that the Agreement was made in reasonable anticipation of liability; (b) that the settlement amount is fair and reasonable; (c) that Defendants' decision to settle conforms to the standard of a prudent uninsured; (d) that the damage amount agreed to is what a reasonably prudent person in Defendants' position would have settled for on the merits of the claim in the Litigation; (e) Capital Lending Partners caused facsimile advertisements to be sent to 10,428 persons and entities, including Plaintiff, during the class period; (f) that 185,390

4

facsimile advertisements were sent to generate mortgage loans secured by real property; (g) that Capital Lending Partners was attempting to originate mortgage loans for E-Loan and each mortgage loan CLP participated in through E-Loan resulted in CLP receiving a fee pursuant to the Marketing Agreement; (h) that Capital Lending Partners' fax broadcasting campaign was the performance of mortgage loan services because it was done to generate mortgage loans secured by real property in exchange for a fee; (i) that Capital Lending Partners did not willfully or deliberately injure Plaintiff and the other members of the Class.

12.     The Court enters judgment against Defendant Capital Lending Partners and in favor of the Class in the total amount of $ 5,213,500.00 (the "Stipulated Judgment") on Count I of the Second Amended Complaint, said judgment to be satisfied only from the proceeds of the insurance policies which Capital Lending Partners assigned to the Plaintiff Class.  Any recovery obtained on the Stipulated Judgment shall be disbursed in accordance with the terms of the Settlement Agreement.   The Court retains jurisdiction over this case for purposes of implementing this order.

13.     The Court hereby approves Capital Lending Partners' assignment to the Class of all of its claims, rights to payment, and rights of action against every insurer, including but not limited to its ACE Prime Advantage Mortgage Bankers and Mortgage Brokers Professional Liability Policy, No. NO4159457 001, and all other policies of insurance.

14.     E-Loan, Inc. and Capital Lending Partners, Inc. are hereby permanently enjoined from sending any unsolicited advertisements by fax to any Class Member as long as unsolicited faxes are prohibited by the Telephone Consumer Protection Act, the Junk Fax Prevention Act of 2005, or any other applicable federal or state law.

15. It is hereby ordered that Plaintiff shall receive $4,000 from the Initial Settlement Fund in accordance with the Agreement, as an incentive payment for her services to the Class. Each Class Member, including Plaintiff, who submits a Claim Form and does not exclude himself, herself or itself, shall receive a *pro rata* share of the Initial Settlement Fund and Final Settlement Fund of the class recovery by check to be paid in accordance with the terms of the Settlement Agreement.

16. It is hereby ordered that Plaintiff's attorneys shall receive attorneys' fees equal to 33 % of the Initial Settlement Fund and 33% of the Final Settlement Fund to be paid in accordance with the terms of the Settlement Agreement. Plaintiff's attorneys shall also be paid costs incurred in the coverage action against Capital Lending Partners' insurance carrier, to be paid in accordance with the Settlement Agreement.

17. On the Effective Date, Plaintiff and the Class members who do not opt out as described below (whether or not they submit claims) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action and/or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not

6

timely excluded themselves from the Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims. In consideration of the agreements made herein, and upon Final Approval of the proposed Settlement, Bell and all Settlement Class Members who are not Successful Opt-outs, covenant and agree not to sue the following officers, directors, or affiliates of Capital Lending Partners for any claims arising from receipt of any advertisements sent by facsimile during the period October 1, 2006 to June 30, 2007: Scott Simonich, Jeff Simonich, MarioDeTomasi, BWC Holdings, Inc., BWC Financial, Inc., Simonich Corporation. The Parties understand and agree that Bell, on behalf of the Settlement Class will assert against CLP and its insurer all clams and will seek to collect the judgment entered against CLP from Ace Westchester Surplus Lines Insurance Company.

18.     Plaintiff and each Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant Capital Lending Partners not to execute on the Judgment against any asset or property of any kind of Capital Lending Partners, or any of its past or present officers, stockholders, directors, agents, employees, independent contractors, parents, affiliates, subsidiaries or divisions, or any other successors, assigns or legal representatives thereof, but rather have agreed to pursue collection of the Judgment against Capital Lending Partners solely against its insurance policies and Capital Lending Partners insurers only. This provision does not release the judgment against Capital Lending Partners to be entered herein, nor does it release the asserted claims against Capital Lending Partners that are the basis for the entry of the judgment or the right to enforce the judgment in favor of the Plaintiff and the Class against Capital Lending Partners' insurers only, including but not limited

to ACE Insurance, Westchester Surplus Lines Insurance Company and Illinois Union Insurance Company.

19.    The claims against Defendant E-Loan, Inc. only are hereby dismissed, with prejudice and without costs (other than what has been provided for in the Agreement).

20.    On the Effective Date, the Class Releasing Parties and Capital Lending Partners Releasing Parties hereby release E-Loan and each and all of the Released Parties from all released claims as defined in paragraphs 6.01 and 6.02 of the Settlement Agreement. This release is limited to E-Loan and the Released Parties only and does not release the claims and judgment entered against Capital Lending Partners.

21.    E-Loan, Inc. and Capital Lending Partners,  and any of their parents, affiliates or subsidiaries, or any of their respective past, present or future officers, directors, stockholders, representatives, employees, attorneys, consultants, accountants, investment or commercial banks, advisors, insurers, reinsurers or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns, and the Class Releasing Parties, are hereby enjoined and barred from bringing any claim, action, or cause of action against the Representative Plaintiff Christine M. Bell, or any of her attorneys, administrators, successors, or assigns that have been released under the Settlement Agreement. However, this Final Judgment and Order in no way alters, waives, voids, abrogates, releases, novates or discharges the contractual obligations of the Class Representative or Class Members, if any, regarding the full, complete and timely performance of any and all terms of any agreement or contract, oral or written, between E-Loan, Inc. and/or Capital Lending Partners and the Representative Plaintiff or Class Members, if any.

22.    In the event that (i) the Settlement Agreement is terminated pursuant to its terms;

or (ii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Order; (b) the instant action shall proceed as though a Settlement Agreement had never been reached; and (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if the Parties to the Settlement Agreement agree to appeal an adverse ruling jointly and the Settlement Agreement and Final Judgment and Order are upheld on appeal in all material respects, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect. In the event of (i) or (ii) (above), all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

23.     Neither the Settlement Agreement, this final Judgment and Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, or the Final Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind of E-Loan, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding against E-Loan except in an action brought to enforce its terms or except as may be required by law or court order.

24.     The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff and all other Class Members (except those listed on Schedule 1 hereto), as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and

future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent provided by applicable law.

25.     The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order and the accompanying Final Judgment, this Court expressly retains continuing exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, this Order, and the final judgment contained herein.

26.     Post-judgment interest pursuant to 42 Pa.C.S. Section 8101 shall accrue on the judgment against Capital Lending Partners, Inc. from and after the date of entry.

27.     This is a final and appealable order; there is no just reason to delay enforcement or appeal.

BY THE COURT:

Dated: 8-25-08

Berle M. Schiller, J.

#5336218
TEAM LENDING ½ LD#5334426

Concepts, LLC

700001

June 16th, 2008

Bell v. E-Loan/CLP Settlement Administration
PO Box 12723
Birmingham, AL 35202-2723

To Whom it May Concern:

This is a formal request to exclude Jeffrey R. Lowrey of Team Lending Concepts, LLC
7430 E. Caley Ave., Ste 120, Greenwood Village, CO 80111 from the class action
lawsuit filed by Christine M. Bell d/b/a Allegiance Mortgage Services, plaintiff, v. E-
Loan, Inc. and Capital lending partners, Inc., defendants, C.A. No. 07-3571-BMS

Respectfully,

Jeffrey R. Lowrey
Team Lending Concepts, LLC
7430 E. Caley Ave., Ste 120
Greenwood Village, CO 80111
Ph: 720-468-5000
Fax: 720-468-5010 & 602-468-0324